IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC. ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> DAVID L. MCCALL ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. _____ |

## COMPLAINT

Plaintiff, Charter Communications, Inc. ("Charter"), for its Complaint against Defendant David L. McCall ("McCall"), states as follows:

1. Charter is incorporated in Delaware and has its principal place of business in Missouri. Defendant McCall served as Senior Vice-President of Operations in charge of Charter's Eastern Division from January 1999 to January 2003. Defendant McCall is a citizen of the State of South Carolina.

2. Jurisdiction is proper in this Court based upon 28 U.S.C. § 1332 because Charter and Defendant McCall are citizens of different states. Furthermore, the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

3. This Court has personal jurisdiction over Defendant McCall because he conducted business giving rise to Charter's claims in this action within Missouri and because he engaged in tortious acts causing injury to Charter within Missouri. Moreover, throughout the course of his employment with Charter, Defendant McCall had regular and frequent contacts with the State of Missouri, regularly visited Charter's St. Louis headquarters, communicated with Charter employees and officers in St. Louis via United States mail, electronic mail, telefacsimile, and telephone. Defendant McCall also entered into employment

3061154

contracts with Charter in Missouri and executed the agreement at issue in this action with Charter in Missouri.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a)(2) because a substantial part of the events giving rise to the claim occurred and had effects in this District.

5. A number of federal securities class action lawsuits were filed in the Summer of 2002 against Charter and Defendant McCall relating to various accounting practices.

6. In July of 2002, the U.S. Department of Justice ("DOJ") and other federal agencies initiated an investigation of Charter and Defendant McCall related to the same issues.

7. The investigation of Charter became known to Charter on or about August 15, 2002.

8. On or about September 30, 2002, Defendant McCall entered into an Undertaking Agreement ("Undertaking") with Charter, in which Charter agreed to advance legal fees and expenses to him in defending the criminal charges and the other proceedings. The McCall Undertaking is hereto attached as Exhibit 1 to this Complaint.

9. As a condition of the Undertaking, Defendant McCall specifically represented that his prior conduct was lawful and in the best interests of the company.

10. Defendant McCall agreed to repay the legal fees and expenses advanced to him in the event a determination was made that his prior conduct was unlawful or that he acted in a manner opposed to the best interests of the company.

11. On or about July 24, 2003, a Federal Grand Jury returned an indictment against Defendant McCall charging him with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 2.

12. On or about July 25, 2003, Defendant McCall entered a plea of guilty and executed a stipulation admitting numerous facts. The transcript of the Plea Proceeding and the

Stipulation entered as part of that proceeding are attached as Exhibits 2 and 3 to this Complaint, respectively, the contents of which are incorporated by reference herein.

13. Specifically, Defendant McCall admitted under oath that as of June 2001, more than one year prior to his execution of the Undertaking, he had engaged in the following acts to further a criminal conspiracy to defraud Charter's shareholders:

    (a) he knowingly and willfully participated in a scheme to defraud Charter's stockholders from June of 2001 to March of 2002 and directed his subordinates to use manipulative means to meet forecasted numbers for subscriber growth;

    (b) he admitted that he gave instructions to "hold disconnects" to each of the regional vice presidents working below him;

    (c) he admitted that the purpose of "holding" these disconnects before the end of the quarter and adjusting them after quarter's end was to inflate Charter's quarterly growth in subscriber numbers, which was reported to the public;

    (d) he admitted that the "holding" of disconnects resulted in materially inflated quarterly results being made public in conference calls with stock analysts, news releases and quarterly and annual financial reports filed with the SEC; and

    (e) he admitted that the information provided on such reports was false and that he knew such numbers were false at the time he provided the information.

14. At the conclusion of the plea proceeding on July 25, 2003, and after considering Defendant McCall's admissions and stipulation, the U.S. District Court for the Eastern District of Missouri determined that Defendant McCall was guilty of one felony count of conspiracy to commit wire fraud.

15. From September 2002 to July 2003, pursuant to the Undertaking, an excess of $150,000.00 in legal fees and related expenses was advanced to Defendant McCall through his counsel.

3061154

- 3 -

16. Because Defendant McCall admitted and was found in a judicial proceeding to have engaged in prior conduct which was unlawful and opposed to the best interests of the company, Charter demanded reimbursement of the legal fees and other expenses advanced to him pursuant to the Undertaking. A copy of the demand letter dated September 24, 2003, is hereto attached as Exhibit 4 to this Complaint.

17. Defendant McCall has refused to pay the amounts demanded by Charter.

### Count I – Contract: Repayment of Advanced Legal Fees and Expenses

18. Charter incorporates by reference the allegations set forth in paragraphs 1 through 17, as if fully set forth herein.

19. Pursuant to the Undertaking, Charter agreed to advance legal fees and expenses to Defendant McCall with respect to his involvement in (1) various putative shareholder class action lawsuits; (2) the grand jury investigation in the Eastern District of Missouri; and/or (3) any future proceeding, investigation or litigation relating to the subject matter of these proceedings (collectively, the "Proceedings"). Charter advanced legal fees and expenses to Defendant McCall in connection with his involvement in the various shareholder class action lawsuits and the Federal Grand Jury investigation.

20. The Undertaking provides that "should it ultimately be determined that you are not entitled to be indemnified by the Company as authorized under [Delaware law and the Company's bylaws], any advance payments made by the Company on your behalf in connection with any of the Proceedings as to which such a determination is made must be repaid by you to the Company."

21. The Undertaking specifically contemplates an ultimate determination being made from an existing proceeding involving Defendant McCall. Because Defendant McCall's guilty plea of July 25, 2003, arises from the Federal Grand Jury proceeding for which he was

receiving advanced fees, it qualifies as an ultimate determination that triggers the obligation to repay.

22. Defendant McCall's guilty plea constitutes an ultimate determination because it contains various admissions made under oath that unequivocally establish he did not meet the standard for indemnification under the Undertaking. The Undertaking requires the following:

 (a) to the extent of Defendant McCall's involvement in any civil matters that are the subject of the Proceedings, that he acted in good faith and in a manner that he reasonably believed to be in or not opposed to the best interests of the company; and

 (b) to the extent of Defendant McCall's involvement in any criminal matters that are the subject of the Proceedings, that he had no reasonable cause to believe that his conduct was unlawful.

23. Defendant McCall's guilty plea reveals that he engaged in a criminal conspiracy to defraud Charter's shareholders more than one year prior to his entry into the Undertaking. Because Defendant McCall's prior conduct was unlawful and opposed to the best interests of the company, Defendant McCall breached the standards for indemnification set forth in the Undertaking.

24. Defendant McCall admitted under oath to engaging in conduct contrary to the standards for indemnification under the Undertaking. In accepting Defendant McCall's guilty plea, the court made an ultimate determination that Defendant McCall engaged in such acts. Therefore, Defendant McCall's guilty plea amounts to an ultimate determination that he is not entitled to be indemnified.

25. Defendant McCall is now obligated to repay all such fees and expenses advanced to him by Charter under the Undertaking.

WHEREFORE, Charter prays for the legal fees and expenses advanced to Defendant McCall in an amount in excess of $150,000.00. Charter also prays for pre- and post-judgment interest and any other relief that the Court deems proper.

### Count II – Declaratory Judgment: Entitlement to Repayment of Advanced Legal Fees and Expenses

26. Charter incorporates by reference the allegations set forth in paragraphs 1 through 25, as if fully set forth herein.

27. Pursuant to the Undertaking, Charter agreed to advance legal fees and expenses to Defendant McCall with respect to his involvement in various proceedings relating to Charter's accounting practices.

28. The Undertaking, in turn, obligates Defendant McCall to repay any fees and expenses advanced to him if it shall ultimately be determined that his prior conduct did not conform to the standards for indemnification set forth therein.

29. The Undertaking Agreement sets forth a standard for civil proceedings and a standard for criminal proceedings that the officer's prior conduct must meet to be entitled to indemnification. With respect to civil matters, Defendant McCall must have acted in good faith and in a manner not opposed to the best interests of the company. With respect to criminal matters, Defendant McCall must have had no reasonable basis to believe that his conduct was unlawful.

30. Defendant McCall pled guilty and admitted under oath that he was involved in a criminal conspiracy to inflate Charter's subscriber numbers. Defendant McCall further admitted that he knew his acts were fraudulent and unlawful at the time he engaged in such acts. Based on these admissions, it is clear that Defendant McCall breached the standards for indemnification set forth in the Undertaking, as he did not act in good faith and in a manner

not opposed to the best interests of the company, nor did he have reasonable cause to believe that his conduct was lawful at the time he engaged in such acts.

31. In light of his plea agreement, plea hearing and admissions under oath made thereunder, Charter has demanded and Defendant McCall has refused to repay the legal fees and other expenses advanced to him pursuant to the Undertaking. For this reason, an actual and justiciable controversy of a definite and concrete nature exists within the scope of 28 U.S.C. § 2201 concerning whether Defendant McCall is obligated to repay such amounts to Charter.

WHEREFORE, Charter respectfully requests that this Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201, as follows:

(a) declare that the conduct admitted to by Defendant McCall in his plea hearing and plea agreement breached the standard for indemnification pursuant to the Undertaking;

(b) declare that, as a result, Defendant McCall is obligated to repay to Charter all amounts advanced to him thereunder.

### Count III – Fraudulent Inducement

32. Charter incorporates by reference the allegations set forth in paragraphs 1 through 31, as if fully set forth herein.

33. Charter and Defendant McCall are parties to the Undertaking, which imposes an obligation on Charter to advance legal fees to Defendant McCall with respect to various proceedings arising out of his prior conduct as an officer of Charter.

34. As a condition to entering into the Undertaking, Defendant McCall was required to and did confirm that he in good faith believed that his prior conduct met the standard necessary for indemnification. For civil proceedings, this required an affirmation that Defendant McCall acted in good faith and in a manner not opposed to the best interests of the

company. For criminal proceedings, this required an affirmation that Defendant McCall had no reasonable cause to believe that his conduct was unlawful. Defendant McCall affirmed that his prior conduct was lawful and that he acted in a manner not opposed to the best interests of the company. Defendant McCall made this representation for the purpose of inducing Charter to advance fees and expenses for his legal defense.

35. These affirmations constituted a representation that was false when made. In his change of plea hearing, Defendant McCall admitted under oath that he actively and knowingly participated in a criminal conspiracy to defraud Charter investors. Defendant McCall also acknowledged that his actions resulted in material and false information being supplied to the public and investors in violation of federal law. Because Defendant McCall admitted to committing criminal acts more than one year prior to his execution of the Undertaking, he knew that the representations made in the Undertaking with respect to his prior conduct were false.

36. The representation that Defendant McCall's prior conduct met the standard for indemnification was a material one as Charter would not have entered into the Undertaking if it had known of Defendant McCall's involvement in a criminal conspiracy.

37. Charter did not know of the falsity of the representation at the time the Undertaking was executed.

38. Charter relied on the representation by entering into the Undertaking and continuing to advance legal fees and other expenses to Defendant McCall thereunder. Furthermore, Charter had a right to rely on the representation because it could not have reasonably known that the representation was false at the time it entered into the Undertaking.

39. As a proximate result of Defendant McCall's representations, Charter suffered injury in the form of legal fees and expenses advanced to Defendant McCall since September of 2002.

WHEREFORE, Charter prays for the legal fees and expenses advanced to Defendant McCall in an amount in excess of $150,000.00. Charter also prays for pre- and post-judgment interest and any other relief that the Court deems proper.

Dated: February 22, 2005.

        Respectfully submitted,

        THOMPSON COBURN LLP

By *Gilbert C Sison*
    Stephen B. Higgins, #10499
    Daniel C. Cox, #57781
    Gilbert C. Sison, #497754
    One US Bank Plaza
    St. Louis, Missouri 63101
    Telephone: (314) 552-6000
    Facsimile: (314) 552-7000

Attorneys for Plaintiff, Charter Communications, Inc.