UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV332 JCH |
| ) | |
| DAVID L. MCCALL, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Transfer under 28 U.S.C. § 1404(a), filed June 20, 2005. (Doc. No. 20). The matter is fully briefed and ready for disposition.

## BACKGROUND

By way of background, Plaintiff Charter Communications, Inc. filed its original Complaint in this matter on February 22, 2005. (Doc. No. 1). In its Second Amended Complaint, filed June 22, 2005, Plaintiff seeks Repayment of Advanced Legal Fees and Expenses (Count I), and Declaratory Judgment as to its Entitlement to Repayment of Advanced Legal Fees and Expenses (Count II). (Doc. No. 24).

On July 6, 2005, Defendant McCall filed his Answer to Second Amended Complaint, Affirmative Defenses, and Counterclaims. (Doc. No. 27). Specifically, Defendant asserts counterclaims for Breach of Contract: Nonpayment of Sick Leave, and Breach of Contract: Nonpayment of Attorney Fees. (Id.).

As stated above, Defendant filed his Motion to Transfer under 28 U.S.C. § 1404(a) on June 20, 2005. (Doc. No. 20). In his motion, Defendant requests that this action be transferred to the United States District Court for South Carolina. (Id.).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## DISCUSSION

28 U.S.C. § 1404(a) governs the ability of a federal district court to transfer a case to another district. This provision states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Id.[1] In considering a § 1404(a) motion, the Court gives great weight to the plaintiff's choice of a proper venue, and will only disturb that choice upon a clear showing that the balance of interests weighs in favor of the movant's choice of venue. Anheuser-Busch, Inc. v. City Merchandise, 176 F.Supp.2d 951, 959 (E.D. Mo. 2001) (citations omitted). "The interests which the Court should consider include: 1) the convenience of the parties; 2) the convenience of non-party witnesses; 3) the availability of judicial process to compel testimony from hostile witnesses; 4) the governing law; 5) relative ease of access to sources of proof; 6) possibility of delay and prejudice if a transfer is granted; and 7) practical considerations of cost and efficiency." Id. (citation omitted); see also Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir.), cert. denied, 522 U.S. 1029 (1997). Further, "[t]he 'primary, if not most important' of these interests is the convenience of the witnesses." Anheuser-Busch, 176 F.Supp.2d at 959, quoting May Dept. Stores Co. v. Wilansky, 900 F.Supp. 1154, 1165 (E.D. Mo. 1995).

Upon consideration, the Court finds the balance of factors taken into account under § 1404(a) favors denying Defendant's Motion to Transfer. First, as to the convenience of the parties, the Court finds this factor is neutral; in other words, while it would be more convenient for Defendant to litigate this case in South Carolina, it is more convenient for Plaintiff to litigate here. With respect to the convenience of non-party witnesses, and the relative ease of access to sources of proof, Plaintiff convincingly asserts the majority of witnesses and documents relevant to both Plaintiff's claims and

---

[1] Plaintiff does not dispute this action could have been brought in South Carolina.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendant's counterclaims may be found in Missouri. (Plaintiff Charter Communications, Inc.'s Response to Defendant's Motion to Transfer under 28 U.S.C. § 1404(a), PP. 9-10, 11-12). By way of contrast, for six of his potential witnesses allegedly residing in South Carolina, Plaintiff fails to state even in general terms the nature of the testimony they would provide. (Defendant's Motion to Transfer, P. 4). Further, with respect to his seventh witness, Ms. Lisa Bryant, former Vice President of Human Resources, Plaintiff states only that she, "supplied all the information to McCall concerning his counterclaim for non-payment of sick leave." (Id.). Ms. Bryant's testimony thus is irrelevant for purposes of the Court's venue analysis, as it goes solely to Defendant's counterclaim. See NBA Properties, Inc. v. Salvino, Inc., 2000 WL 323257 at * 5 n. 2 (S.D.N.Y. Mar. 27, 2000) (citations omitted) ("the focus of the Court's inquiry in deciding a motion to transfer under § 1404(a) is on the action as filed and not on the counterclaims interposed by the party seeking transfer"). The Court thus finds consideration of both the convenience to non-party witnesses, and the relative ease of access to sources of proof, weighs in favor of maintaining the action in this Court.

Finally, the Court's review of the record demonstrates the remaining factors weigh in favor of maintaining jurisdiction of this action in this Court as well.[2] Based on the foregoing, the Court concludes Defendant has failed to meet his burden under § 1404(a) of establishing that transfer is warranted, and so his Motion to Transfer must be denied.

## CONCLUSION

Accordingly,

---

[2] Defendant offers no evidence regarding the availability of judicial process to compel testimony from hostile witnesses, the governing law, or the possibility of delay and prejudice if a transfer were granted. Further, with respect to the practical considerations of cost and efficiency, Defendant states only that his own costs would be increased significantly if he were forced to defend in Missouri. (Defendant's Motion to Transfer, P. 5). While this may be true, as explained above, by itself it is insufficient to warrant disturbing Plaintiff's choice of forum.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS HEREBY ORDERED** that Defendant's Motion to Transfer under 28 U.S.C. § 1404(a) (Doc. No. 20) is **DENIED**.

Dated this 26th day of August, 2005.

                                            /s/ Jean C. Hamiton
                                            UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com